UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS ALEXANDER,

        Petitioner,

v.                                           Case Number: 08-CV-14494
                                            Honorable Arthur J. Tarnow

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER
## GRANTING RESPONDENT'S MOTION TO DISMISS THEREBY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Dennis Alexander, a Michigan state inmate, currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan,[1] filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 17, 2007, Petitioner pleaded guilty to (1) felony firearm, MICH. COMP. LAWS § 750.227BA, and (2) felon in possession, MICH. COMP. LAWS § 750.224F, in the Wayne County, Michigan, circuit court. On July 17, 2007, he was sentenced, as a habitual offender, fourth, MICH. COMP. LAWS § 750.12, to the mandatory two-years imprisonment for the felony-firearm conviction, and eighteen-months to five-years imprisonment for the felon-in-possession conviction. *In lieu* of filing an answer, Respondent filed a motion to dismiss the petition because Petitioner's claims are unexhausted. Petitioner has not filed a reply to Respondent's motion. For the reasons stated below, the Court will dismiss the petition without prejudice so that Petitioner may return to state court to exhaust his claims.

I.

---

[1] Petitioner was incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan, when he initially filed his habeas petition.

Following his sentencing, Petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals, alleging that he is entitled to withdraw his plea and that the sentencing court's order requiring him to pay court costs and attorney fees should be vacated.

On March 12, 2009, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences, but remanded to the Wayne County circuit court for reconsideration of the order requiring Petitioner to pay attorney fees. *People v. Alexander*, No. 280990, 2009 WL 638199 (Mich.Ct.App. Mar. 12, 2009). To date, there is no indication in the pleadings that the Wayne County circuit court has acted on the remand. Additionally, in reviewing the Michigan Supreme Court's website, it does not appear that Petitioner filed an application for leave to appeal, nor is there any indication that Petitioner filed a post-conviction motion with the state trial court. Rather, while his direct appeal was pending in the Michigan Court of Appeals, on October 22, 2008, Petitioner filed the pending petition for a writ of habeas corpus. In his *pro se* pleadings, it appears that Petitioner is attempting to raise the same claims as raised in the Michigan Court of Appeals in his habeas petition. In his motion to dismiss, Respondent argues that Petitioner's claims for habeas-corpus relief are unexhausted. The Court agrees.

II.

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal-habeas-corpus relief. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state-court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d

155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate-review process. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Therefore, in this case, the state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. *Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his or her claim, i.e., "fairly presented" that claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon states cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). General allegations of the denial of rights to a fair trial and due process do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and [hold in abeyance]

3

the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is "good cause" for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless," and may close the case administratively.  *Rhines*, 544 U.S. at 278.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims.  First, before Petitioner files his habeas petition, he can file an application for leave to appeal the Court of Appeals' decision with the Michigan Supreme Court.  He is also entitled to file a writ of certiorari with the United States Supreme Court, if he wishes to do so.  Second, Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et. seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide those issues.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust state-court remedies.  Petitioner may move to reopen this matter upon exhausting his state-court remedies.

III.

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** [dkt. # 9] and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** [dkt. # 1]. The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a disposition of Petitioner's claims.

                             S/Arthur J. Tarnow
                             Arthur J. Tarnow
                             United States District Judge

Dated: June 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2009, by electronic and/or ordinary mail.

                             S/Catherine A. Pickles
                             Judicial Secretary